# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| ) | |
| MORGAN ROE, *et al.*,                                     ) | |
| ) | |
| *Plaintiffs*,                        ) | |
| )   C.A. No. 1:18-CV-00171 (CRC) | |
| v.                                  ) | |
| ) | |
| District of Columbia, *et al.*,                          ) | |
| ) | |
| *Defendants*.                       ) | |
| _____) | |

## DEFENDANTS DALE MANN AND JACQUELINE ANDERSON'S
## MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Dale Mann (Mann) and Jacqueline Anderson (Anderson), by and through

counsel, move this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to

dismiss Plaintiff's Second Amended Complaint.  As grounds, the Defendants state that:

1)       Plaintiff John Doe failed to state a viable claim in accordance with Fed. R. Civ. P. 8

against Defendants Mann and Anderson;

2)       Plaintiff John Doe's claims against Defendants Anderson and Mann are barred by the

applicable statute of limitations;

3)       Defendants Mann and Anderson are entitled to qualified immunity on their 42 U.S.C.

§ 1983 claims for violations of the Fifth Amendment; and

4)       Plaintiffs fail to sufficiently plead a cause of action against Defendants Mann and

Anderson for negligent hiring, negligent supervision, negligent retention and negligence *per se*.

A Memorandum of Points and Authorities in support of this Motion, along with a

Proposed Order, is attached hereto.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Sec. 1

*/s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
EMMA LOMAX
Assistant Attorney General
441 Fourth St., N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 807-0375; (202) 727-6295
Fax: (202) 741-8941; (202) 715-7821
kerslyn.featherstone@dc.gov;
emma.lomax@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                              )
MORGAN ROE, *et al.*,              )
                              )
         *Plaintiffs*,        )
                              )   C.A. No. 1:18-CV-00171 (CRC)
        v.                )
                              )
District of Columbia, *et al.*,   )
                              )
        *Defendants*.      )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS DALE MANN AND JACQUELINE ANDERSON'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

In support of their motion to dismiss Plaintiff's Second Amended Complaint, Defendants Dale Mann (Mann) and Jacqueline Anderson (Anderson) submit this Memorandum of Points and Authorities and state as follows:

## INTRODUCTION

Defendants Mann and Anderson move for dismissal of all claims asserted against them in this lawsuit, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *First*, Plaintiff Doe, in his individual capacity, has failed to plead a viable claim against either Defendant. *Second,* Plaintiff Doe's constitutional and tort claims against Defendants Mann and Anderson are barred by the applicable three-year statute of limitations. *Third,* Plaintiff Doe, on behalf of Morgan Roe, has failed to plead a viable constitutional claim against Defendants Mann and Anderson. Moreover, these Defendants are entitled to qualified immunity for Plaintiffs' constitutional claims. *Finally*, Plaintiff Doe, on behalf of Morgan Roe, fails to sufficiently

plead a viable claim for negligent retention, negligent hiring, negligent supervision, and negligence *per se* against these Defendants.  As a result, dismissal of Plaintiffs' Second Amended Complaint against Defendants Mann and Anderson is appropriate.

## STATEMENT OF FACTS

Plaintiff John Doe filed this lawsuit, individually and on behalf of Morgan Roe (M.R.), a minor, on January 26, 2018.  Compl. [11].  Plaintiffs' Second Amended Complaint, including claims against Defendants Mann and Anderson under 42 U.S.C. § 1983 and under District of Columbia common law, was filed on September 29, 2018.  *See* Sec. Am. Compl. [60-1, 62].

Plaintiffs aver that M.R. did well under Principal Gartrell, *who nurtured and encouraged him* before he "left John Eaton in the summer of 2011 to take a position with the administration of the D.C. Public Schools."  *Id.* at ¶ 29 (emphasis added).  However, in the Spring of 2012, Ms. Rebecca Nathan, M.R.'s homeroom teacher, contacted Plaintiff Doe to discuss incidents that occurred in February 2012 during which M.R. kicked a chair across the room.  *Id.* at ¶¶ 36, 38.  These incidents were discussed during an April 18, 2012 meeting between Defendant Mann, Ms. Nathan, and Plaintiff Doe, during which Defendant Mann allegedly explained that M.R. was exhibiting some kind of "personality disorder."  *Id.* at ¶ 37.  On April 25, 2012, after a ballet presentation, Defendant Anderson convened a meeting with Plaintiff Doe, explained that Defendant Wilson reported that his behavior towards him was intimidating and asked him to explain his behavior.  *Id.* at ¶¶ 68, 75-78.  It was at that time that Plaintiff Doe told Defendant Anderson that on April 18, 2012, while in his presence, Defendant Wilson asked M.R. where he was going, demonstratively caressed M.R.'s face with his hands, "expressed how special he believed M.R. was" and then told him "how he was to conduct himself in class…."  *Id.* at ¶¶ 44, 49-52.  Plaintiff Doe also reported that Defendant Wilson told M.R. that he had pretty eyes in front of his class.  *Id.* at ¶ 53.

Plaintiffs aver that Defendant Anderson did nothing after learning of these *two* incidents of sexual harassment. *Id.* at ¶ 79. Plaintiff Doe claims that thereafter, he repeatedly told Defendant Mann the same information that he shared with Defendant Anderson, but Defendant Mann was "dismissive" of his complaints. *Id.* at ¶ 80. Plaintiffs aver that, "[o]n information and belief, neither Mann nor Anderson disciplined Wilson in any way based on Doe's allegation about Wilson's sexual harassment of his son." *Id.* at ¶ 92.

Plaintiffs aver that the Doe family, including M.R., moved out of state to Illinois in February 2013. *Id.* at ¶ 119. Plaintiffs allege that on June 9, 2013, Plaintiff Doe learned about an incident in which Defendant Wilson sexually assaulted M.R. in April, May or June 2012. *Id.* at ¶ 123. According to Plaintiffs, during this third incident, Defendant Wilson allegedly fondled M.R.'s penis from outside of his pants. *Id*. at ¶ 87. Plaintiffs allege that Doe called the police to report the incident and that because he learned that Defendant Wilson planned to adopt a child, he called D.C. Child and Family Services Agency concerning M.R.'s allegations. *Id.* at ¶¶ 124-125. Plaintiffs assert that the AUSA declined to prosecute Defendant Wilson. *Id.* at ¶¶ 129-130. Plaintiffs claim that Defendant Wilson quit his job at John Eaton Elementary School in or around November 2013. *Id.* at ¶ 132.

Plaintiffs aver that on June 9, 2013, after the family had moved to Illinois, he learned that Defendant Wilson sexually assaulted M.R. in April, May, or June of 2012. *Id.* at ¶ 123. Plaintiffs filed this lawsuit on January 26, 2018. Compl. [1]. They seek to hold Defendant Mann and Anderson liable because they allegedly failed to take action, including failing to: a) report Defendant Wilson's conduct as required by D.C. Code § 4-1321.02; b) investigate Defendant Wilson's conduct; c) discipline Defendant Wilson; or d) terminate Defendant Wilson, after learning from him that Defendant Wilson "asked M.R. where he was going, demonstratively caressed M.R.'s

face with his hands, expressed how special he believed M.R. was and then told him how he was to

conduct himself in class, all while in Doe's presence, and allegedly told M.R. that his eyes were

pretty in front of his classmates. *Id.* at ¶¶ 5-7.  Plaintiffs asserted constitutional claims against

Defendant Mann and Anderson under 42 U.S.C. § 1983 for violations of the Fifth Amendment's

Due Process Clause and Equal Protection Clause and under common law for negligent retention,

negligent hiring, negligent supervision, and negligence *per se*.  *Id.* at ¶ 37.  However, other than aver

that Defendant Mann and Anderson ignored or otherwise dismissed Plaintiff Doe's reports about

Defendant Wilson's sexual misconduct towards M.R., and that Defendant Mann suggested in

October 2012 that Doe neglected his other son, the Second Amended Complaint is devoid of any

allegations as to actions these defendants took against Plaintiff Doe.  *See* Sec. Am. Compl. [60-1,

63].  Defendants Mann and Anderson now move this Court to dismiss with prejudice all claims

asserted against them.

## STANDARD OF REVIEW

A party may move for dismissal of a cause of action when a complaint fails to state a claim

upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.*

When ruling on a motion to dismiss, a court must "accept as true all of the factual allegations

contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a court need

not accept as true allegations that are merely legal conclusions.  *See Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* If a complaint does not state a plausible claim for relief, it will not survive a motion to dismiss. *Id.* at 679.

## ARGUMENT

### A.      Plaintiff John Doe Has Not Pled A Viable Cause of Action Against These Defendants.

Fed. R. Civ. P. 8 requires that "[a] pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Here, other than aver that Defendant Mann and Anderson ignored or otherwise dismissed Plaintiff Doe's reports to them about Defendant Wilson's alleged sexual misconduct towards M.R. and that during a meeting on October 18, 2012, about Plaintiff's other son, Defendant "Mann suggested that Doe's other child was not being well taken-care of at home"…in a way as to suggest that Doe's other son was being neglected, the Second Amended Complaint is devoid of any allegations as to actions taken by these defendants against Plaintiff Doe. Sec. Am. Compl. at ¶¶ 115, 116. Because these allegations simply do not state any actionable claims against these Defendants in favor of Plaintiff Doe, in his individual capacity, dismissal of Plaintiff Doe's claims against these defendants is warranted. *See* Fed. R. Civ. P. 8.

### B.      The Statute of Limitations Bars Plaintiff Doe's Claims Against these Defendants.

Unless the statute of limitations is tolled, a party seeking relief for a constitutional tort or common law negligence claim has three years to file the action. *See* D.C. Code § 12-301(8) (providing that the statute of limitations is three years for claims which are not otherwise prescribed). Here, the lawsuit was not filed until January 26, 2018, and the Second Amended Complaint was filed on September 29, 2018. *See* Compl. [1]; Sec. Am. Compl. [60-1, 62].

Although there are no actionable claims pled in the Second Amended Complaint by Plaintiff Doe as related to these Defendants, the last date referred to in the amended complaint concerning Plaintiff Doe's interaction with Defendant Mann is October 2012, while the last interaction as pled in the amended complaint between Defendant Anderson and Doe is April 25, 2012.  *Id.* at ¶¶ 68, 75-78. Consequently, even if Plaintiff Doe had pled actionable claims against these Defendants, which he has not, those claims would be barred by the applicable statute of limitations as more than three years have elapsed between the parties' interactions and the filing of this lawsuit.  Thus, Plaintiff Doe's claims against these Defendants should be dismissed.

### C.    Defendants Mann and Anderson Are Entitled to Qualified Immunity.

Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of the Fifth Amendment's Due Process Clause and Equal Protection Clause against these Defendants.  Although the First Claim for Relief in Plaintiffs' Second Amended Complaint asserts claims for violations of 42 U.S.C. § 1983 against all defendants, the Second Amended Complaint is completely devoid of any specific factual allegations as to how Defendants Mann and Anderson violated M.R.'s constitutional rights under § 1983.  *See* Sec. Am. Compl. at ¶¶ 196-216.  In fact, the only mention of Defendants Mann or Anderson under Plaintiffs' First Claim for Relief is that DCPS violated the Equal Protection Clause by authorizing Defendant Mann to place Defendant Wilson in classrooms with "children from outside the John Eaton boundary area for the purpose of causing those children to disenroll and create more seats for children of affluent families."  *Id.* at ¶ 210.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For purposes

of this section, any Act of Congress applicable exclusively to the District of
Columbia shall be considered to be a statute of the District of Columbia.

"To state a claim under § 1983, a plaintiff must allege both that the defendant deprived him of a

right secured by the Constitution or laws of the United States and that it acted under color of state

law." *Turner v. Corr. Corp. of Am.*, 56 F. Supp. 3d 32, 35 (D.D.C. 2014).  Because Plaintiffs fail to

make any specific allegations showing that Defendants Mann and Anderson violated M.R.'s Fifth

Amendment rights, Plaintiffs' Fifth Amendment claims under 42 U.S.C. § 1983 should be

dismissed.

To the extent Plaintiffs purport to seek relief against these Defendants under the theory that

they violated M.R.'s constitutional rights because they failed to take action based on the complaints

Plaintiff Doe reported to them in the Spring of 2012 after he was called out by them for his treatment

of Defendant Wilson, Plaintiffs' claims still fail against these defendants.  Government officials are

entitled to qualified immunity, unless their conduct violates "clearly established statutory or

constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct.

305, 308 (2015) (citations omitted).  A right is clearly established if at the time of the alleged

constitutional violation, "it would have been 'clear to a reasonable officer that his conduct was

unlawful in the situation he confronted.'" *Dukore v. District of Columbia*, 799 F.3d 1137, 1144

(D.C. Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).  "Ordinarily, in order for the

law to be clearly established, there must be a Supreme Court or [ ] Circuit decision on point, or the

clearly established weight of authority from other courts must have found the law to be as the

plaintiff maintains*." Doe v. District of Columbia*, 796 F.3d 96, 104 (D.C. Cir. 2015) (citations

omitted).

Qualified immunity protects government officials from lawsuits when their conduct "is

objectively reasonable in light of existing law." *Bame v. Dillard*, 637 F.3d 380, 384 (D.C. Cir. 2011) (citations omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Moreover, qualified immunity should be decided at the earliest possible stage in litigation, so that insubstantial claims can be resolved prior to discovery. *Id.* at 231-32 (2009). Although a defendant bears the burden of raising the defense of qualified immunity in response to a claim brought under 42 U.S.C. § 1983, once the defense is raised, the burden shifts to the plaintiff to establish the defendant is not entitled to qualified immunity. *See Kyle v. Bedlion*, 177 F.Supp 3d 380, 389 (D.D.C. 2016). To overcome a defendant's entitlement to qualified immunity, a plaintiff must establish: 1) "that an official violated a constitutional right" and 2) "that the right was clearly established at the time of the violation." *Doe*, 796 F.3d at 104 (internal quotations and citations omitted). A court may address either prong of the two-step inquiry first. *Id.*

Regardless of the order in which this Court conducts its qualified immunity analysis, it will find that Plaintiffs have failed to carry their burden of proof to overcome Defendants Mann and Anderson's entitlement to qualified immunity. With respect to the first prong, Plaintiffs have not shown that these Defendants violated M.R.'s constitutional rights by not reporting or otherwise investigating Plaintiff Doe's reports to them. As is clear from the allegations as pled, M.R. did well under Principal Gartrell, *who nurtured and encouraged him* before he "left John Eaton in the summer of 2011 to take a position with the administration of the D.C. Public Schools." *Id.* at ¶ 29. However, after several incidents of misconduct occurred, Ms. Rebecca Nathan, M.R.'s homeroom teacher, contacted Plaintiff Doe to discuss the incidents during which M.R. kicked a chair across the classroom. *Id.* at ¶¶ 36, 38. These incidents were discussed during the April 18, 2012 meeting, and

Defendant Mann allegedly explained that M.R. was exhibiting some kind of "personality disorder." *Id.* at ¶ 37.

While Plaintiff Doe submits that although the incident he reported to Defendants Mann and Anderson occurred on April 18, 2012, he chose not to disclose this incident until Defendant Anderson confronted him on April 25, 2012, concerning his treatment of Defendant Wilson. *Id. at* ¶¶ 68, 75-78. And even then, what he specifically reported was that while in Plaintiff Doe's presence, Defendant Wilson asked M.R. where he was going, demonstratively caressed M.R.'s face with his hands, expressed how special he believed M.R. was and then told him how he was to conduct himself in class…." *Id.* at ¶¶ 44, 49-52. Plaintiff Doe also submits that he reported to these Defendants that Defendant Wilson also told M.R., in front of his entire class, that he had "pretty eyes." *Id.* at ¶ 53. Given the history of behavior problems concerning M.R., as documented in the Second Amended Complaint, the fact that M.R. flourished when he was *nurtured and encouraged* by Principal Gartrell, these specific reports made by Plaintiff Doe to these Defendants, and the context in which they were reported, no reasonable school official would know or have reason to know that their failure to report these incidents as described by Plaintiff violated M.R.'s constitutional rights. Even if these Defendants erred in their belief, they are still entitled to qualified immunity. *See Pearson*, 555 U.S. at 231 (2009) ("Protection of qualified immunity applies regardless of whether government official's error is mistake of law, mistake of fact, or mistake based on mixed questions of law and fact.").

*Finally,* as to the second prong, there is no evidence that the alleged constitutional right to have school officials report what they don't believe to be sexual misconduct was clearly established. While D.C. Code § 4-1321.02 states that a school official "who knows or has reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is

in immediate danger of being a mentally or physically abused or neglected child, as defined in § 16-2301(9), shall immediately report or have a report made of such knowledge or suspicion to either the Metropolitan Police Department of the District of Columbia or the Child and Family Services Agency," it was not clearly established that the violation of this statute was a violation of the constitution or the constitutional rights of a minor child.  Accordingly, dismissal of Plaintiffs' constitutional claims against these Defendants is warranted as they are entitled to qualified immunity.

> **D.      Plaintiffs' Negligent Retention, Negligent Hiring, Negligent Supervision, and Negligence *Per Se* Claims Fail as a Matter of Law.**

Plaintiffs assert Defendants Mann and Anderson are liable for negligent retention, negligent hiring, negligent supervision, and negligence *per se* based on: 1) Defendants Mann and Anderson's alleged failure to seriously consider the allegations of sexual harassment reported by Plaintiff Doe; 2) Defendants Mann and Anderson's alleged failure to report these allegations of sexual harassment as required under D.C. Code § 4-1321.02, or otherwise take any action to remove, discipline or investigate Wilson after learning of these allegations; and 3) Defendants Mann and Anderson's failure to protect M.R. from Defendant Wilson.  *See* Sec. Am. Compl. at ¶¶ 5-7, 232-235.  These allegations simply are insufficient to support liability against these Defendants for these torts as pled.

District of Columbia case law generally considers claims of negligent hiring, supervision, and retention together, *see Blair v. District of Columbia*, 190 A.3d 212, 229 (D.C. 2018), and "does not appear to distinguish between negligent supervision and retention," *Islar v. Whole Foods Mkt. Grp., Inc.*, 217 F. Supp. 3d 261, 265 n.1 (D.D.C. 2016) (*citing Phelan v. City of Mount Rainier*, 805 A.2d 930, 937 (D.C. 2002)). "[A]n *employer* owes a duty to third person, based on the conduct of its

employees, to use reasonable care to select competent employees and to fire incompetent employees." *Stevens v. Sodexo, Inc.*, 846 F.Supp 2d. 119, 127 (D.D.C. 2012) (emphasis added). "If an *employer* neglects this duty, and a third person is harmed as a result, the employer may be liable even though the injury was brought about by the willful act of the employee beyond the scope of employment." *Id.* at 127-28 (emphasis added). "An *employer* cannot be liable for negligent hiring if the employer conducts a reasonable investigation into the person's background or if such an investigation would not have revealed any reason not to hire that person." *Jograj v. Enter. Services, LLC*, 270 F.Supp. 3d 10, 23 (D.D.C. 2017) (citations omitted) (emphasis added).

Thus, to state a claim for negligent hiring and retention, "a plaintiff must allege specific facts from which an inference can be drawn that the *employer* did not conduct a reasonable background investigation, and that such an investigation would have uncovered a reason not to hire the alleged torrfeasor." *Id.* Here, Plaintiffs' claims fail for negligent hiring and retention, given that these Defendants were not Defendant Wilson's employer. *See* Sec. Am. Compl. at ¶ 23, in which Plaintiffs avers that Defendant Wilson was employed by DCPS. As a result, Defendants Mann and Anderson cannot be liable under a theory of negligent hiring or retention of Defendant Wilson.

Similarly, because Defendants Mann and Anderson were not Defendant Wilson's employer, they cannot be held liable for negligent supervision. *See Brown v. Argenbright Sec., Inc.,* 782 A.2d 752, 760 (D.C. 2001) ("[T]he *employer* knew or should have known that its employee behaved in a dangerous or otherwise incompetent manner, and that the *employer*, armed with that actual or constructive knowledge, failed to adequately supervise the employee.") (emphasis added). Accordingly, Plaintiffs' negligent supervision claims against these Defendants should be dismissed.

Plaintiffs' negligence *per se* claim against these Defendants for their alleged violation of D.C. Code § 4-1321.02 should also be dismissed.[1]  "[N]egligence *per se* is not in and of itself a separate legal claim—rather, it permits a plaintiff under 'certain circumstances and under specific conditions,' to 'rely on a statute or regulation as proof of the applicable standard of care.'" *Hunter on behalf of A.H. v. Dist. of Columbia*, 64 F. Supp. 3d 158, 188-89 (D.D.C. 2014) (citations omitted).  "If the plaintiff can prove that the defendant violated such a statute or regulation, it 'renders the defendant negligent as a matter of law...so long as the violation was the proximate cause of the injuries, and the alleged injuries were of the type which the statute was designed to prevent.'" *Id.* at 189.  Here, D.C. Code § 4-1321.02(a) reads as follows:

> Notwithstanding § 14-307, any person specified in subsection (b) of this section who knows  or has reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is in immediate danger of being a mentally or physically abused or neglected child, as defined in § 16-2301(9), shall immediately

---

[1]      Undersigned counsel, on behalf of only the District of Columbia, which at that time was the only defendant they represented, opposed Plaintiffs' motion to amend and argued that the amendment would be futile, in part, given that the proposed amended complaint did not include sufficient facts to support liability against Kaya Henderson, former Chancellor of D.C.P.S., Phillip Lattimore, III, former Director, D.C. Office of Risk Management (ORM), Jed Ross, current ORM Director,; Dale Mann, Principal, John Eaton Elementary School or Jacqueline Anderson, Vice-Principal, John Eaton Elementary School.  District's Opp'n to Pl.'s Mot. To File Second Mot. To Amend [59].  More specifically, the District argued that the allegations as against these individuals were either non-existent or "vague."  *Id.*  By Order, dated September 14, 2018, this Court reasoned that "[a]t this early stage in the litigation, these alleged reports were not too vague to implicate the reporting requirements of section 4-1321.02.  Doe repeatedly referenced Wilson's 'sexual come-ons,' which plausibly suggests that Anderson and Mann should have had 'reasonable cause to suspect that a child . . . is in immediate danger of being a mentally or physically abused . . . child.' D.C. Code § 4-1321.02. Moreover, contrary to defendants' suggestion, D.C. Opp'n at 8–9, it is irrelevant to Anderson and Mann's mandatory reporting duties whether or not Doe separately and voluntarily filed a police report or a report with the Child and Family Services Agency. *See* D.C. Code § 4-1231.02 (mandating that school officials "immediately report" child abuse or neglect while allowing, but not requiring, "any other person" to make such a report)."  Notwithstanding the Court's Order, undersigned counsels believe that Defendants Anderson and Mann are entitled to move to dismiss Plaintiffs' negligence *per se* claim that these Defendants violated § 4-1321.02, not based on vagueness, but on other grounds.

report or have a report made of such knowledge or suspicion to either the Metropolitan Police Department of the District of Columbia or the Child and Family Services Agency.

Here, *for purposes of this motion only*, it is undisputed that on or about April 25, 2012, Defendant Anderson convened a meeting with Plaintiff Doe because Defendant Wilson reported to her that Plaintiff Doe had been exhibiting intimidating behavior towards him. When asked for an explanation for his behavior, Plaintiff Doe alleges he told Defendant Anderson about the April 18, 2012 incident when Defendant Wilson stopped him and M.R. in the hallway, and in his presence, asked M.R. where he was going, demonstratively caressed M.R.'s face with his hands, expressed how special he believed M.R. was and then told him how he was to conduct himself in class…. *Id.* at ¶¶ 44, 49-52.  Plaintiff Doe allegedly also reported that Defendant Wilson told M.R. that he had pretty eyes in front of his class.  *Id.* at ¶ 53. Given the context in which these reports were made, the history of misbehavior of M.R. that was reported, not by Defendant Wilson, but by his homeroom teacher Ms. Rebecca Nathan, and the specifics of the report as described by Plaintiff Doe, there is no showing in the Second Amended Complaint that Defendants Anderson or Defendant Mann, who Plaintiff Doe alleges he shared the same information, knew or had "reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is in immediate danger of being a mentally or physically abused or neglected child, as defined in § 16-2301(9)."  *Id.* at ¶ 231 (acknowledging that Plaintiff Doe described the sexual misconduct committed by Defendant Wilson). The mere fact that Defendants Anderson and Mann were allegedly dismissive of Plaintiff Doe's characterization of what could be perceived as a compliments by Defendant Wilson and encouragement in front of M.R.'s parent, is insufficient to show that any of them had the requisite knowledge necessary for reporting requirements under D.C. Code § 4-1321.02.  Moreover, Plaintiff Doe has not demonstrated that even if these Defendants violated § 4-1321.02, that this

violation caused the injuries claimed to have been suffered by M.R.  *See* Sec. Am. Compl. [60-1, 63].  Accordingly, Plaintiffs have failed to sufficiently plead their claim for negligence *per se* against Defendants Mann and Anderson and these claims should be dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth in this Motion, Defendants Mann and Anderson respectfully request that this Court dismiss with prejudice all claims asserted against them in this lawsuit.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Sec. 1

*/s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
EMMA LOMAX
Assistant Attorney General
441 Fourth St., N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600; (202) 807-0375; (202) 727-6295
Fax: (202) 741-8941; (202) 715-7821
kerslyn.featherstone@dc.gov;
emma.lomax@dc.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MORGAN ROE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | C.A. No. 1:18-CV-00171 (CRC) |
| v. | ) | |
| | ) | |
| District of Columbia, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendants Dale Mann and Jacqueline Anderson's Motion to Dismiss Plaintiffs' Second Amended Complaint, any opposition thereto, the Defendants' Reply, and the entire record herein, it is by this _____ day of _____ 2018,

**ORDERED**:  that Defendants Dale Mann and Jacqueline Anderson's motion is **GRANTED** for the reasons set forth therein; and it is,

**FURTHER ORDERED**:  that all claims in the Second Amended Complaint as to Defendants Dale Mann and Jacqueline Anderson are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

_____
JUDGE CHRISTOPHER R. COOPER
U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA