**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MORGAN ROE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil Action No. 1:18-cv-00171 |
| | ) |
| REGINALD LA'VINCIENT WILSON, *et al*., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF OPPOSITION TO THE
REGINALD WILSON'S MOTION TO DISMISS**

Plaintiffs respectfully request that the Court deny, in its entirety, Reginald La'Vincient Wilson's Motion to Partially Dismiss Plaintiffs' Amended Complaint and to Strike Improper Requests for Relief.  [ECF No. # 67].

**I.   The Court Should Not Dismiss Plaintiffs' Substantive Due Process Claims or Equal Protection Claims Concerning Sexual Harassment Fifth Amendment**

Plaintiffs strongly disagree with Mr. Wilson's argument that minor Morgan Roe was not deprived of a protected liberty interest or property interest concerning sexual harassment.

> To state a § 1983 claim for violation of the Due Process Clause, a plaintiff must show that he has asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, and that the plaintiff was intentionally or recklessly deprived of that interest, even temporarily, under color of state law… Encompassed in the liberty interest of school children is **the right to be free from "unjustified intrusions on personal security**."

*Doe v. San Antonio Ind. School District*, 197 Fed. Appx. 296 (5th Cir. 2006) citing *Ingraham v. Wright*, 430 U.S. 651, 673 (1977) (emphasis added).

When Reginald Wilson, without the solicitation or permission of Roe or his father Doe, placed his hands on Morgan Roe's face to caress Roe (Wilson Mot. Dismiss, Wilson was not merely expressing that he thought Roe was a good child or a student that he liked in the way a normal teacher might.  Mr. Wilson was deriving sexual pleasure from touching Roe, in the very same way that he did later again that year, when without disregard to Roe's welfare, he clutched the minor Roe's penis.  Both instances of physical contact were unwelcome to Roe, a very young minor, and both literally constitute forms of civil battery.

The first of the two instances were reported to Dale Mann and Jacqueline Anderson, two officials of the District of Columbia Schools authorized to investigate the complaints of Wilson making sexual overtures to minor Roe and to reprimand or discipline Wilson.  Wilson was a new DCPS schoolteacher, and as such, he was on probation. D.C. Mun. Reg. § 5-E1307. One exception to the DCPS Chancellor's power to hire and fire, is the grant to supervisors, e.g., school principals like Dale Mann, to discipline probationary, non-tenured teachers like Reginald La'Vincient Wilson. 5 D.C. Mun. Reg. § 5-E1402.[1]

Mann and Anderson, being seasoned and experienced educators, were certainly alerted, or should have been alerted by Wilson's behaviors, because of how unusual and alarming they are within the context of a public-school environment.  Public school teachers are trained and expected to never physically touch students barring some exigent circumstance, e.g., a student is

---

[1] A Supervisor is the administrative head of a school.  In the case of a teacher such as Reginald Wilson, the principal is the Supervisor.  *Oates v. District of Columbia*, 647 F. Supp. 1079 (D.D.C. 1986) (CBA stated that "the supervisor shall make available to all ET-15 personnel in the school a list of vacancies and the qualifications" and "the athletic director at Ballow advised the principal of vacancies on the coaching staff, and one of the vacancies was football coach… [t]he vacancy announcement was dated April 19, 1985").  Consequently, the task of investigation and discipline fell to Defendant Wilson's Supervisor, Dale Mann.  See As Defendant Wilson's Supervisor, Dale Mann was permitted to investigate Defendant Wilson for misconduct and to engage in corrective actions including but not limited to providing written counseling and issuing written letters of reprimand.

physically assaulting the teacher or another teacher and self-defense is justified if security is not available, a student or students are physically assaulting one or more other students and a teacher must physically intervene if security is unavailable, or an ill or injured student needing a teacher's help to get to an ambulance, to a parent's vehicle, or to a school nurse's station, again, if security personnel are not available.  To receive a license to teach in Mississippi, a teacher like Reginald Wilson must receive a traditional  Reginald Wilson, (who has a master's degree in education from Delta State University)[2], John Doe No 1 (who himself has a master's in the art of teaching and taught in public schools), Dale Mann and Jacqueline Anderson (both on whom have degrees in education and have worked in public schools for more than twenty years) are all aware of this expectation that teachers not touch children.  The idea that Reginald Wilson would casually caress the face of a child, for his own sexual gratification, and then publicly identify the child as his intended sex partner using phrases employed in popular love songs placed Dale Mann and Jacqueline Anderson on notice.  Wilson's sexual overtures to minor Plaintiff were more than inappropriate, they constituted unwanted physical touching that, coupled with his strange sexual statements to Roe necessitated that they investigate him, and if necessary, reprimand or discipline him.

     Wilson claims that Plaintiffs have failed to demonstrate the grave unfairness to minor Plaintiff committed by Wilson, Mann, and Anderson is also false.  Coming from Mississippi, Reginald Wilson knows there are serious consequences, in society and in the criminal justice system, for placing his black, unwanted hands on a white child, whether in the South in Jackson,

---

[2] Teachers like Reginald Wilson are certified to teach in Mississippi after completing a "traditional teacher education program" such as the one Wilson received at Delta State University.  Educator Licensure, Mississippi Department of Education, https://www.mdek12.org/OTL/OEL The course at Delta State University in which Wilson would have learned about keeping his hands away from children is CEL 611, Classroom Management.  Academic Catalogs, Delta State University, http://www.deltastate.edu/academic-affairs/catalog/. This course was also called "Classroom Management" in the late 1990s when both Wilson and Doe were enrolled in their graduate degree programs of education at their respective universities.

Mississippi on in the South in the tony confines of Woodley Park, in the Northwest quadrant of the District of Columbia. So do Dale Mann and Jacqueline Anderson. If Morgan Roe were a white child from the Woodley Park neighborhood, if John Doe No.1 were white, and/or if Morgan Roe were female, Mann would have acted when told by Roe's father that placing his hands on minor Roe, in the hallway where he touched minor Roe's face for his own sexual gratification.  This was before Wilson, emboldened by Mann's and Anderson's silence, took minor Roe alone and sexually groped minor Roe's penis, again, for his own sexual gratification.

II.  **Plaintiffs' Requests for the District of Columbia To Revoke Wilson's Teaching License and Enter His Name into a National Database Should Not Be Stricken.**

Wilson himself acknowledges that 28 U.S.C. § 1657 grants this Court a wide discretion to grant preliminary or injunctive relief.   Wilson asserts that because he was never charged or convicted, no basis exists for plaintiffs' required relief.

The Metropolitan Police Department of the District of Columbia (MPD) once had a negative reputation as being as an organization reluctant to criminally charge almost anyone for any crime.  By contrast, after spending a few hours interrogating Wilson in 2013, MPD was convinced enough that a crime occurred to specifically ask the Department of Justice to issue a warrant for Wilson's arrest for Second Degree Child Abuse.  Ex. A, Opp. Mot. Dismiss. [ECF No. 15].  Assistant U.S. Attorney Toni Florence as a federal prosecutor is granted enormous discretion to decide whether to issue such warrants, and whether to prosecute even heinous cases of child sex abuse.  Ms. Florence is certainly legally permitted by her supervisors, to prosecute only cases in which she believes airtight, "smoking gun" evidence exists when she receives the case, regardless of the crime committed.  The fact that AUSA Florence elected to not prosecute

Wilson by no means makes Wilson innocent of Plaintiffs' allegations in this court, or the termination of his teaching license inappropriate.

Ms. Florence erred in this case in believing that the testimony of this minor, Roe, would not be credible and in somehow "forgetting" that an adult, a teaching assistant, was present when minor Roe was left alone with Wilson and Wilson groped Roe's penis.  *Id*.  For every case AUSAs like Ms. Florence prosecute against DCPS teachers, there are even more cases like this one, in which the Department of Justice declines to prosecute, and DCPS teachers like Reginald Wilson remain free to sexually abuse other children.

Because Mr. Wilson's D.C. teaching license was never revoked, because he can today receive a teaching license in the state in which minor Plaintiff lives, get hired in its school system, and because he can attempt to violate minor Plaintiff's rights all over again, this Court should at the very least order the District of Columbia to suspend his D.C. teaching license for the time being and enter his name in the NASDTEC national database for now.

### III.    Conclusion

For the foregoing reasons, Plaintiffs ask that the Court deny in its entirety Wilson's motion to dismiss.

DATED: December 11, 2018            Respectfully submitted,

                                                     THE LAW OFFICES OF
                                                     GERALD L. GILLIARD, ESQ. LLC

                                                     __/s/ Gerald L. Gilliard_____
                                                   Gerald L. Gilliard, Esq.
                                                   D.C. Bar. No. 497726
                                                   1629 K Street NW, Suite 300
                                                   Washington, D.C. 20006
                                                   Tel. (202) 827-9753
                                                   Fax. (202) 478-1783
                                                   E-Mail: ggilliard@employmentlegalteam.com