**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MORGAN ROE, *et al.*, | ) |
| *Plaintiffs*, | ) |
|  | ) C.A. No. 1:18-CV-00171 (CRC) |
| v. | ) |
| District of Columbia, *et al.*, | ) |
| *Defendants*. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant District of Columbia (the District), by and through counsel, files this reply in response to Plaintiffs' opposition to its motion to dismiss.

**INTRODUCTION**

Plaintiffs cannot stave off the entry of dismissal in favor of the District under Title IX and under 42 U.S.C. § 1983. *First*, Plaintiffs have failed to plead facts that meet the standard for finding Title IX liability against the District. Instead, Plaintiffs make conclusory arguments accompanied by unadorned facts to support their theory of municipal liability. Second, given that municipal liability is severely limited under § 1983, Plaintiffs' failure to plead facts showing that a District custom, practice or policy was the moving force which caused the violation of Morgan Roe's constitutional rights is fatal. In fact, Plaintiffs have failed to even identify a final policymaker who, acting with deliberate indifference, caused the alleged constitutional deprivation. Instead, Plaintiffs have argued legal conclusions without the benefit of supporting facts and have made "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements….." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  For these reasons, the Court should dismiss this action against the District.

## ARGUMENT

### A. John Doe Is Not Entitled To Any Relief.

In the 2nd Amended Complaint, Plaintiff John Doe No. 1 clearly states that he is filing this lawsuit "in his own right and on behalf of his minor son." *See* 2nd Am. Compl. at ¶ 1 [60, 62].  However, based on Plaintiffs' argument in opposition to the District's motion dismissal is appropriate.   Moreover, as argued by the District, any torts raised by John Doe No. 1 against this Defendant would also not be actionable as they are time barred.  Moreover, the 2nd Amended Complaint is devoid of facts showing that John Doe No. 1 is entitled to relief.  Thus dismissal as to all claims brought by John Doe is warrated..

### B. Plaintiff's Title IX Claim is Not Sustainable.

While Plaintiffs correctly cite the law applicable to Title IX, they misapply the law to the facts pled in the 2d Am. Compl.  Pls.' Opp'n at 1, *citing Gebser v. Lago Vista ind. Sch. Distr*., 524 U.S. 274 (1988), standing for the proposition that for teacher-on-student sexual harassment, the plaintiff must establish two things to survive the entry of judgment against it:  "(1) a school district official with the authority to take corrective measures had actual knowledge of the harassment; and (2) the official with such notice was deliberately indifferent to the misconduct." *Id.* Other than make conclusory arguments, Plaintiffs merely rely on *Oates v. District of Columbia,* 647 F. Supp. 1079 (D.D.C. 1986) and 5 D.C. Mun. Reg. 5-E1402, to support their arguments.  However, neither *Oates* nor 5 D.C. Mun. Reg. 5-E1402 support liability against the District under Title IX.

In *Oates*, the plaintiff alleged that she was unlawfully denied the right to become head football coach because of her sex. The *Oates'* Court dismissed the action "[s]ince the plaintiff … failed to prove that she was the victim of discrimination…." *Id.* While the *Oates'* Court was tasked to determine the District's liability under § 1983, it made no finding under Title IX. *Id*. Therefore, Plaintiffs cannot establish municipal liability under Title IX based on the finding in *Oates*.

Plaintiffs' reliance on the CBA rules to support liability against the District under Title IX is similarity misplaced. While Oates did not address Title IX liability, it did discuss the CBA rules. teachers. The *Oates'* Court determined that "the CBA provides in part (CBA, Article XXIX(C)(1) [1982–1985 CBA at 42, 1985–1987 CBA at 36].):

> No later than April 30 of the current school year, the supervisor shall make available to all ET–15 personnel in the school a list of vacancies and the qualifications *1082 for positions for which there is extra-duty pay along with a seniority list of building faculty. The list of vacancies shall include those positions held by a teacher for three years. Interested teachers shall apply within a two-week period stating their qualifications. Three year incumbents who wish to be considered for the position they hold must reapply. All subsequent vacancies shall be made known to all teachers and interested teachers shall apply within a two-week period.

Based on the plain language of this regulation, Plaintiffs' argument that because these Defendants allegedly violated the CBA, the District is liable under a Title IX is not borne out by any law they cite. Moreover, as recognized by Plaintiffs, absent evidence supporting Title IX liability, dismissal of Morgan Roe's Title IX claim is warranted. Pls.' Opp'n at 1. Here, Plaintiffs have failed to identify facts showing that Morgan Roe was indeed sexually harassed. Sexual harassment is defined as unwanted and unwelcome behavior of a sexual nature. However, the two incidents as described by Plaintiffs (the touching of Morgan Roe's face in

front of John Doe and the complement that Morgan Roe had pretty eyes) that were reported to the principals and vice principal are insufficient to support municipal liability under Title IX.

Other than attempt to distinguish the facts here from *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 290 (1998), a case cited to and relied on by the District, Plaintiffs failed to acknowledge, discuss or even try to distinguish the remaining cases cited by the District to support its entitlement to dismissal of this claim. *See* Pls.' Opp'n, generally.  Even in their attempts to distinguish *Gebser*, Plaintiffs fail to recognize the facts here pale in comparison to the facts in *Gerber*.  In *Gebser*, a teacher made inappropriate remarks to the plaintiff and other students and initiated sexual contact with the plaintiff by *kissing and fondling her*. In fact, the two had sexual intercourse on a number of occasions during the remainder of the school year during class time, but not on school property. *Gerber,* 524 U.S. at 278.  The parents of two other students complained about the teacher's inappropriate comments made in class to the principal who made no report to the school superintendent.  The trial court determined that the parents' complaint to the principal concerning the teacher's classroom comments was the only one the school had received about the teacher and "that evidence was inadequate to raise a genuine issue on whether the school district had actual or constructive notice that [the teacher] was involved in a sexual relationship with a student." *Id.* at 279. The Supreme Court affirmed the dismissal of Gebser's Title IX action. *Id.* at 293.  Similar to *Gebser,* there are no allegations pled in Plaintiffs' 2d Amended Complaint that the superintendent of the school was ever aware of the two incidents which were shared with Defendants Mann and Anderson by John Doe No. 1.  Just as the Supreme Court affirmed the trial court's dismissal of *Gebser's* Title IX action finding that "[the] evidence was inadequate to raise a genuine issue on whether the school district had actual or

constructive notice that [the teacher] was involved in a sexual relationship with a student," so too should this Court make this same finding.

Given there is no evidence here that the superintendent of schools had actual notice that Morgan Roe was sexually harassed, Plaintiffs' Title IX claim should be dismissed. As held by *Brown v. Hot, Sexy & Safter Prod'us*, 68 F.3d 525, 540 (lst Cir. 1995), under Title IX, the sexually harassing conduct must be severe and persistent and must compromise or interfere with educational opportunities normally available to students. Here, the two incidents as described by John Doe No. 1, were neither severe nor persistent and therefore are insufficient to support Title IX liability against the District. On this record, dismissal of Morgan Roe's Title IX action is appropriate.

    C.    **Morgan Roe's Municipal Liability Claim Under 42 U.S.C. § 1983 Should Abe Dismissed.**

As the Court made clear in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978), municipal liability is severely limited. Municipal liability can only be found when its customs, practices or policies are the moving force for the constitutional violation. Id . "Municipal liability should not be imposed when the municipality was not itself at fault." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). Id. at 818 (emphasis added). In opposing the District's motion to dismiss, Plaintiffs simply make legal conclusions as to the District's purported liability unsupported by factual content. Pls.' Opp'n, generally. According to Plaintiffs, "DCPS's acquiescence of child sex abusers not only represents a colossal failure by a policy maker to act, but a knowing failure that even attracts men like Reginald La'Vincient Wilson to move here from other parts of the country to teach in DCPS's schools." Pls.' Opp'n at 5. This argument fails miserably. *First,* DCPS is not a final policymaker; it is a government agency. *Second*, not only have Plaintiffs failed to identify the actions of a final policymaker

whose deliberate indifference created an affirmative link to the deprivation of Morgan Roe's constitutional right, they have also not identified any District custom, practice or policy which was the moving force behind the injuries allegedly suffered by Morgan Roe. *Id.* Thus, municipal liability cannot be found against the District on the record now before this Court. *Third*, even the incidents identified by Plaintiffs to support municipal liability are inapposite to a finding of municipal liability. In fact, these incidents support dismissal of this action. Id. As acknowledged by Plaintiffs, a former school teacher was sentenced to prison for sexually abusing a student. *Id*. at 6. Without more, the fact that this teacher was imprisoned negates any finding of deliberate indifference to sexual abuse committed against students. *Finally*, John Doe's argument that Defendant Mann attempted to silence him first by offering him a job and then by making threats against him cannot stave off the entry of judgment to the District on this claim. Offering John Doe, a position at the school would have allowed him a better opportunity to observe Defendant Wilson's conduct towards his son and other children. No reasonable juror could find otherwise; it was not an attempt to silence John Doe as claimed by Plaintiffs. More importantly, even if this conduct occurred as described by Plaintiff, it still does not show any District custom, practice or policy which led to the violation of Morgan Roe's constitutional rights. So too is Plaintiffs' conclusory argument that no training was provided to employees "to recognize, report, and possibly even repel child sexual assaults speaks volumes about its deliberate indifference to the problem of sexual abuse of children in its schools," insufficient to impose municipal liability against the District. *Id.* As the case law makes clear, the Court Ned not accept, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements...." *See Erickson*, 551 U.S. at 94, *Iqbal,* 556 U.S. at 678. Plaintiffs' 2d Amended Complaint is devoid of facts to support their conclusions. Moreover, there are no allegations pled showing that the

District knew or should have known that the training as identified by Plaintiffs was needed but they were deliberately indifferent to this need and thus proximately caused Morgan Roe's constitutional rights to be violated. *See* 2d Am. Compl. Because Plaintiffs failed to properly plead municipal liability against the District, it is entitled to be dismissed as a party defendant in his litigation.

Wherefore, the District asks this Court to grant its motion.

Date:  December 21, 2018                   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

*/s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
EMMA LOMAX[1]
Assistant Attorney General
441 4th Street, N.W., Suite 630 South
Washington, DC 20001
Phone:  (202) 724-6600; (202) 807-0375; (202) 727-6295
Fax:  (202) 715-8924; (202) 715-7821
E-mail:  kerslyn.featherstone@dc.gov; emma.lomax@dc.gov

*Counsel for the District of Columbia*

---

[1]  Admitted to practice only in the state of Texas.  Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).