**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
MORGAN ROE, *et al.*,                      )
                                                          )
      *Plaintiffs*,                              )
                                                          )   C.A. No. 1:18-CV-00171 (CRC)
      v.                                             )
                                                          )
District of Columbia, *et al.*,              )
                                                          )
      *Defendants*.                           )
_____)

**DEFENDANTS DALE MANN AND JACQUELINE ANDERSON'S REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Dale Mann and Jacqueline Anderson, by and through counsel, file this reply in response to Plaintiffs' opposition to their motion to dismiss.

**INTRODUCTION**

Plaintiffs cannot stave off the entry of dismissal in favor of these Defendants. *First*, Plaintiffs have failed to demonstrate that these Defendants are not entitled to qualified immunity for their complained about conduct. Given that these defendants had no reason to know that their conduct would violate Plaintiff Roe's constitutional rights, dismissal of the constitutional claims against them is warranted. *Second,* because Defendants Mann and Anderson are not Defendant Wilson's employer, they cannot be held liable for negligent hiring, retention, supervision. *Third,* because Plaintiffs have failed to show that these Defendants violated D.C. Code § 4-1321.02 or that their claimed violation proximately caused injuries to the minor child, Plaintiffs' negligent per se claim fails. *Finally,* Plaintiff Doe has no actionable claim in this case against any Defendant.

1

**ARGUMENT**

Under Fed. R. Civ. P. 12(b)(6), "[a] party may move for dismissal of a cause of action when a complaint fails to state a claim upon which relief can be granted."  Both Defendants have moved to dismiss this action against them because no viable cause of action has been pled in Plaintiffs' 2nd Amended Complaint.  The law is clear that in deciding a motion to dismiss, while a court "must accept as true all of the factual allegations contained in the complaint," it need not accept as true allegations that are merely legal conclusions.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Also, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.  If a complaint does not state a plausible claim for relief, it will not survive a motion to dismiss.  *Id.* at 679.  Here, the allegations in Plaintiffs' 2nd Amended Complaint are insufficient to allow them to proceed against these Defendants.

    **A.**    **DEFENDANTS MANN AND ANDERSON ARE ENTITLED TO QUALIFIED IMMUNITY.**

Other than make conclusory arguments that these Defendants are not entitled to qualified immunity, Plaintiffs' Opposition is insufficient to stave off dismissal.  Plaintiffs have failed to plead facts or law which divests these defendants of the protection of this defense.  *See* Pls.' 2nd Am. Compl.  *See also* Pls.' Opp'n,.  *First,* an alleged violation of a state law is insufficient to show that a constitutional violation has occurred.  *See Brandon v. D.C. Bd. of Parole*, 823 F.2d 644, 649 (D.C. Cir. 1987) (stating that violations of "state procedural requirements must be enforced in state courts under state law"); *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000) ("But 'the fact of a state law violation does not resolve whether a plaintiff has been deprived of due process.'") (citing *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988)) ("A state ought to follow its law, but to treat a violation of state law as a violation of

the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules."). Here, Plaintiffs have failed to plead facts showing that these Defendants violated Morgan Roe's constitutional rights by failing to report the grievance made by Plaintiff Doe in the context of a meeting to discuss Defendant Wilson's report of mistreatment by Plaintiff Doe. *See* 2d Am. Compl. at ¶¶ 196-216.

Moreover, even if Morgan Roe's constitutional rights were violated, there are no facts pled showing that these Defendants knew or should have known that their conduct would violate Morgan Roe's constitutional rights. Plaintiffs' specific descriptions of the alleged sexual harassment committed by Defendant Wilson are fatal to their claims. As shown by the allegations raised in the 2nd Amended Complaint, Morgan Roe exhibited behavior problems in another teacher's homeroom in which Morgan Roe was a student. The mere fact that Defendant Wilson caressed his face while he was in the presence of Plaintiff Doe, who is Plaintiff Roe's father, and told him how he was to behave in class and reportedly told Plaintiff Roe, in the presence of his classmates, that he had pretty eyes is insufficient to show that these Defendants knew that their failure to report these incidents violated the Constitution. Qualified immunity protects government officials from lawsuits when their conduct "is objectively reasonable in light of existing law." *Bame v. Dillard*, 637 F.3d 380, 384 (D.C. Cir. 2011) (citations omitted).

As the *Kyle* Court held, although a defendant bears the burden of raising the defense of qualified immunity in response to a claim brought under 42 U.S.C. § 1983, once the defense is raised, the burden shifts to the plaintiff to establish the defendant is not entitled to qualified immunity. *See Kyle v. Bedlion*, 177 F.Supp 3d 380, 389 (D.D.C. 2016). A right is clearly established only if "existing precedent" places "the statutory or constitutional question beyond debate." *Hedgpeth v. Rahim,* 893 F.3d 802, 806 (D.C. Cir. 2018). The "'clearly established law

should not be defined at a high level of generality, but must be particularized to the facts of the case." *Id.* (internal quotations and citations omitted). Moreover, even if these Defendants were mistaken that they were not required to make the report as described by Plaintiff, they are still protected by qualified immunity because "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Pierce v. Mattis,* 256 F. Supp. 3d 7, 15 (D.D.C. 2017) (quoting *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)). Plaintiffs simply have not established that Morgan Roe's right to have these incidents reported as sexual harassment was clearly established at the time these Defendants allegedly violated that right.

In *District of Columbia v. Wesby,* the Supreme Court addressed the issue of qualified immunity. 138 S.Ct. 577 (2018). It reasoned that the question that should have been addressed by the trial court was whether a reasonable officer could conclude—considering all of the surrounding circumstances, including the plausibility of the explanation itself—that there was a "substantial chance of criminal activity." *Id.* at 586 (citing *Illinois v. Gates,* 462 U. S. 213, 231 (1983)). The Court found that "[c]onsidering the totality of the circumstances, the officers made an 'entirely reasonable inference' that the partygoers" knew they did not have permission to be in the vacant house. *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 372 (2003)). Thus, the officers had probable cause to arrest the partygoers. *Id.*

Even if the officers lacked probable cause to arrest the partygoers, given "the circumstances with which [they] w[ere] confronted," they "reasonably but mistakenly conclude[d] that probable cause [wa]s present." *Id.* at 581–82 (quoting *Anderson* v. *Creighton*, 483 U. S. 635, 640, 641 (1987)). According to the Supreme Court, there was no controlling case holding that a bona fide belief of a right to enter defeats probable cause, that officers cannot infer

a suspect's guilty state of mind based on his conduct alone, or that officers must accept a suspect's innocent explanation at face value.  And several precedents suggested the opposite. *Id.* at 591–93.  Although the facts in *Wesby* differ from the facts here, the Supreme Court's discussion of qualified immunity applies here.  Given that no controlling case law holds that a principal or other school official violates a student's constitutional rights if they fail to make a report of what they do not consider to be sexual harassment, Defendants Mann and Anderson's actions were objectively reasonable.  Accordingly, judgment should be entered here in favor of Defendants Mann and Anderson because they are entitled to qualified immunity.

### B. PLAINTIFFS' TORT CLAIMS AGAINST THESE DEFENDANTS SHOULD BE DISMISSED.

In the 2nd Amended Complaint, Plaintiff Doe clearly states that he is filing this lawsuit "in his own right and on behalf of his minor son."  *See* 2nd Am. Compl. at ¶ 1 [60, 62].  However, based on Plaintiffs' argument in opposition to these Defendants' motion that they "never asserted in any versions of their complaints to date that Plaintiff John Doe had a claim against Mann or Anderson," dismissal is appropriate.  Moreover, as argued by these Defendants, any torts raised by Plaintiff Doe against these Defendants would also not be actionable as they are time barred. Moreover, the 2nd Amended Complaint is devoid of facts showing that Plaintiff Doe is entitled to relief against these Defendants.

Contrary to Plaintiffs' argument, these Defendants *never* argued that Plaintiff Roe's tort claims are time barred or otherwise barred by D.C. Code § 12-309, as the claims are not time barred or otherwise governed by § 12-309 as related to these Defendants.  *See* Defs.' Mot. [80]. However, these Defendants are entitled to dismissal under Plaintiffs' negligent hiring, retention, supervision and negligent *per se* claims as pled in the 2nd Amended Complaint.  Plaintiffs' reliance on *Oates v. District of Columbia,* 647 F.Supp. 1079 (1986), to stave off dismissal of

5

Plaintiff Roe's negligent hiring, retention, and supervision claims is misplaced.  Pls.' Opp'n at 9, footnote 4.  The *Oates* case involved an employment discrimination action, not a common law tort action, and was filed against the employer, not an individual employee. 647 F.Supp. 1079. In that case, the plaintiff alleged that she was unlawfully denied the right to become head football coach because of her sex.  The *Oates*' Court dismissed the action "[s]ince the plaintiff … failed to prove that she was the victim of discrimination…." *Id.* at 1083.  The Court wrote that because of the plaintiff's failure, it "need not address whether the plaintiff has established a case under 42 U.S.C. § 1983 since it is clear she has not done so." *Id.*

Plaintiffs' reliance on the CBA rules discussed in *Oates* is also misplaced given that it does not stand for the proposition that a school principal and vice principle have authority to hire, fire, or discipline teachers.  Rather, as noted by Plaintiffs, the *Oates*' Court determined that "the CBA provides in part (CBA, Article XXIX(C)(1) [1982–1985 CBA at 42, 1985–1987 CBA at 36].):

> No later than April 30 of the current school year, the supervisor shall make available to all ET–15 personnel in the school a list of vacancies and the qualifications for positions for which there is extra-duty pay along with a seniority list of building faculty. The list of vacancies shall include those positions held by a teacher for three years. Interested teachers shall apply within a two-week period stating their qualifications. Three year incumbents who wish to be considered for the position they hold must reapply. All subsequent vacancies shall be made known to all teachers and interested teachers shall apply within a two-week period.

*Id.* at 1081-82.  Therefore, Plaintiffs' suggestion that these Defendants violated the CBA and are therefore liable for negligent hiring, retention, supervision and discipline is simply not supported by law.  Similarly, Plaintiffs' reliance on D.C. Municipal Regulation tit. 5, sec. B-2405, is misplaced.  While the regulations set forth steps to be taken by the principal when a grievance is received, it does not provide a right to the grievant to file a cause of action for the principal's failure to follow the steps provided therein.  Rather, the grievant can appeal the decision of the

6

principal or non-decision.  D.C. Municipal Regulation, Title 5, § B-2405.  Thus, this Court should reject Plaintiffs' attempt to hold Defendant Mann, the principal, and Defendant Anderson, the vice principal, liable for negligence under this regulation.

More importantly, neither Defendant Mann nor Anderson employed Defendant Wilson and cannot be held liable for negligent hiring, retention or supervision.  "[A]n *employer* owes a duty to third person, based on the conduct of its employees, to use reasonable care to select competent employees and to fire incompetent employees." *Stevens v. Sodexo, Inc.*, 846 F.Supp 2d. 119, 127 (D.D.C. 2012) (emphasis added). "If an *employer* neglects this duty, and a third person is harmed as a result, the employer may be liable even though the injury was brought about by the willful act of the employee beyond the scope of employment." *Id.* at 127-28 (emphasis added). "An *employer* cannot be liable for negligent hiring if the employer conducts a reasonable investigation into the person's background or if such an investigation would not have revealed any reason not to hire that person." *Jograj v. Enter. Services, LLC*, 270 F.Supp. 3d 10, 23 (D.D.C. 2017) (citations omitted) (emphasis added).  Plaintiffs have failed to address this argument in their opposition filing and therefore it should be treated as conceded.

As to Plaintiffs' negligence *per se* claim, Plaintiffs have failed to identify facts showing these Defendants violated D.C. Code § 4-1321.02, given the specific incidents which were reported to them (that Defendant Wilson caressed Plaintiff Roe's face in Plaintiff Doe's presence and told Plaintiff Roe how he was to behave in class, and that Defendant Wilson allegedly told Plaintiff Roe he had pretty eyes in front of the class).  Even if such reports were sufficient to meet the reporting requirements under the statute, Plaintiffs' failure to pled facts showing that the violation of the statute *proximately* caused the injuries to Plaintiff Roe as alleged in the 2nd Amended Complaint is fatal.  *See Hunter on behalf of A.H. v. Dist. of Columbia*, 64 F. Supp. 3d

158, 188-89 (D.D.C. 2014).  Given the facts as pled by Plaintiffs, that Plaintiff Roe misbehaved several times in his homeroom class  – not in Defendant Wilson's classroom – and that while in Illinois, a year after Plaintiff Doe reported his grievance to these Defendants, Plaintiffs have failed to establish that Defendants' alleged violation of the statute caused Plaintiff Roe to misbehave in homeroom or to commit any of the other actions while in Illinois.  *See* 2nd Am. Compl., at ¶¶ 68, 75-78, 80, 119-121.  For these reasons, dismissal of these claims against these Defendants is appropriate.

Date: December 21, 2018				Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, Civil Litigation Division, Section I

*/s/ Emma Lomax*
KERSLYN D. FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
EMMA LOMAX[1]
Assistant Attorney General
441 4th Street, N.W., Suite 630 South
Washington, DC 20001
(202) 724-6600; (202) 807-0375; (202) 727-6295
Fax:  (202) 715-8924; (202) 715-7821
E-mail:  kerslyn.featherstone@dc.gov;
emma.lomax@dc.gov

*Counsel for Defendants Mann and Anderson*

---

[1]	Admitted to practice only in the state of Texas.  Practicing in the District of Columbia under the direct supervision of Patricia A. Oxendine, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).